# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: | |
| DALLAS N. BISHOFF, | Case No.   08-17059-RGM<br>(Chapter 7) |
| Debtor. | |
| MARK D. ROHRBACH, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 09-1110 |
| DALLAS N. BISHOFF, | |
| Defendant. | |

## <u>MEMORANDUM OPINION</u>

THIS CASE was before the court on December 1, 2009, on Dallas Bishoff's motion for

summary judgment and Mark D. Rohrbach's motion for an extension of time and for a continuance.

Rohrbach's attorney, Greg I. Rose, of Weinstock, Friedman & Friedman, P.A., requested that

the plaintiff be granted an extension of time within which to respond to the defendant's motion for

summary judgment and for a continuance of the scheduled hearing on the motion for summary

judgment.   The motion states that Mr. Rose is local counsel for Marc E. Shach who has been

admitted pro hac vice in this matter.   Mr. Shach, the motion continues, has "been out of the office

on medical leave for several weeks, and prior to the start of that leave, was in and out of the office

due to an unexplained illness."   Motion at ¶4.   The motion continues that Mr. Shach "underwent an

unexpected multiple heart value replacement surgery on November 18, 2009." Motion at ¶5.   As of

November 23, 2009, Mr. Shach was hospitalized and was expected to be out of the office for an

1

additional six to eight weeks.

The motion for summary judgment was filed October 11, 2009, and set for hearing on December 1, 2009. The motion for an extension of time and continuance was filed on November 23, 2009.

The court recognizes medical issues as good cause for continuances. However, this motion will be denied. Mr. Rose is local counsel. The practice in this court are quite clear: The office of local counsel is not a sinecure. Local counsel is jointly and severally responsible for the conduct of the case with counsel admitted pro hac vice. If counsel who is admitted pro hac vice is unavailable, local counsel is to handle the matter.

While Mr. Shach's health is severely impaired, the motion states that he had been out of the office "several weeks" and prior to that was in an out of the office. This was ample notice to Mr. Rose of the situation. He could have filed a timely response to the motion for summary judgment and could have argued the motion. The matter presented is fairly basic. It did not require significant research. There is no indication that Mr. Shach had unique information or expertise as to this matter. Mr. Rose presented no reason why he could not have fulfilled his obligations as local counsel.

Mr. Rose is reminded that the trial in this matter is set for January 8, 2010, at 9:30 a.m. If Mr. Shach remains unavailable, as it appears he will be, Mr. Rose is to conduct the trial for his client.

The motion for an extension of time and for a continuance is denied.

Alexandria, Virginia
December 3, 2009

/s/ Robert G. Mayer
Robert G. Mayer

2

United States Bankruptcy Judge

Copy electronically to:

Greg Irving Rose
Steven H. Greenfeld

15647